# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG ABEL,<br><br>　　　　　　　　　　　　　Petitioner,<br>　vs.<br><br>W.J. SULLIVAN, et al.,<br><br>　　　　　　　　　　　　　Respondents. | CASE NO. 06CV406 WQH (WMc)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS |

HAYES, Judge:

　　Pending before the Court is the Report and Recommendation of Magistrate Judge William McCurine, Jr. recommending that the Court deny the Petition for Writ of Habeas Corpus filed by Petitioner Craig Abel. (Doc. # 23).

## BACKGROUND

　　On February 22, 2006, Petitioner Craig Abel filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. # 1). The Petition challenges Petitioner's California state court conviction for lewd and lascivious conduct on the grounds that (1) trial counsel was constitutionally ineffective, (2) the state trial court violated Petitioner's right to due process by admitting evidence that Petitioner had previously committed sexual crimes, and (3) there was insufficient evidence to support Petitioner's conviction. The Petition also challenges Petitioner's sentence of 310 years to life in prison on the grounds that the sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. (Doc. # 1).

On July 26, 2007, Magistrate Judge William McCurine, Jr. issued a Report and Recommendation recommending that this Court deny the Petition. (Doc. # 23). The Magistrate Judge found that the California Court of Appeal correctly concluded that Petitioner's trial counsel was not constitutionally ineffective because trial counsel's representation did not fall below an objective standard of reasonableness and Petitioner did not meet his burden to show that there was a reasonable probability that, but for trial counsel's performance, the result of the trial would have bee different. (Doc. # 23 at 7-10). The Magistrate Judge further found that the California Court of Appeal correctly concluded that (1) ample evidence supported Petitioner's conviction, (2) admission of evidence that Petitioner previously committed sex crimes did not violate Petitioner's right to due process, and (3) Petitioner's sentence of 310 years to life in prison was not cruel and unusual punishment. (Doc. # 23 at 11-19).

On October 12, 2007, Petitioner filed objections to the Report and Recommendation. (Doc. # 27). Petitioner again contends that his trial counsel was constitutionally ineffective, and further, that the trial court should not have admitted evidence that Petitioner previously raped an eighteen year-old woman. The Court concludes that Petitioner objects to the Magistrate Judge's conclusions that (1) trial counsel was not constitutionally ineffective, and (2) that admission of evidence that Petitioner previously raped an eighteen year-old woman did not violate Petitioner's right to due process.

**STANDARD OF REVIEW**

The duties of the district court in connection with a Magistrate Judge's Report and Recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *see also Morrison v. Cook*, Civil No. 97-57-ST, 1999 U.S. Dist. LEXIS 14233, at *1-2 (D. Ore. April 27, 1999) (citing *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981)) ("When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report.").

**DISCUSSION**

This Petition is governed by the provisions of the Antiterrorism Effective Death Penalty Act of 1996 (AEDPA). Pursuant to 28 U.S.C. § 2254(d), as amended by the AEDPA, an "application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court" unless the decision of the State court was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." (Doc. # 23 at 4-5).

**I. Ineffective Assistance of Counsel**

The California Court of Appeal concluded that Petitioner's trial counsel was not constitutionally ineffective because trial counsel's performance did not fall below an objective standard of reasonableness and Petitioner did not establish that but for counsel's performance, the result of the trial would have been different. Lodgment # 19; *see also Strickland v. Washington*, 466 U.S. 668, 686 (1983). In the Report and Recommendation, the Magistrate Judge concluded that the decision of the California Court of appeal was neither contrary to or an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented.

Petitioner contends in his Petition that trial counsel was ineffective because he failed to impeach a witness with prior statements made to an investigator. Petitioner further contends that trial counsel was ineffective because he failed to "file motions" and "change judges." Objections (Doc. # 27) at 3.

As noted correctly in the Report and Recommendation, in order for petitioner to establish a claim of ineffective assistance of counsel, petitioner must show that (1) trial counsel's representation "fell below an objective standard of reasonableness," and (2) as a result of the deficient representation, there was a "reasonable probability" that the result of the trial would have been different. *Strickland*, 466 U.S. at 688, 694; (Doc. # 23 at 7). After reviewing the Petition (Doc. # 1), the Answer (Doc. # 6), and the Objections (Doc. # 27), the Court concludes that Petitioner has not established that his trial counsel's representation fell below an objective standard of reasonableness. Trial counsel had

legitimate tactical reasons for not impeaching the aunt of the victims in this case, and Petitioner has not established or explained how or why the result of the trial would have been different if trial counsel had impeached the victims' aunt, filed more motions, or attempted to disqualify the trial judge. *See Strickland*, 466 U.S. at 681 (counsel's strategic choices made after a thorough investigation will seldom be found wanting).  Accordingly, and after reviewing de novo Petitioner's claim for habeas relief on grounds of ineffective assistance of counsel, the Court concludes that the Magistrate Judge correctly determined that the California Court of Appeal's decision denying relief on grounds of ineffective assistance of counsel was neither contrary to or an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

**II.  Due Process**

During Petitioner's criminal trial, the trial judge admitted evidence that Petitioner had previously raped an eighteen year-old woman.  The trial judge admitted the evidence pursuant to CAL. EVID. CODE §§ 1108 and 352, statutes which permit admission of evidence that a criminal defendant previously committed a sexual offense in a trial concerning sexual offenses if the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.  After full briefing on the issue, the trial judge concluded that the evidence that Petitioner had previously committed rape was admissible because its probative value was not substantially outweighed by the danger of unfair prejudice.  Lodgment # 5 at 4-8.  The trial court concluded that the prior rape was factually similar and not too remote to preclude admission.  Lodgment # 5 at 6-8.  On direct review the California Court of Appeal denied Petitioner's challenge to the admission of the evidence on due process grounds.  Lodgment # 10.  The Court of Appeal concluded that admission of the evidence did not violate due process because the previous rape was factually similar, not too remote in time, and not so prejudicial as to preclude admission under CAL. EVID. CODE § 352.  Lodgment # 10 at 5-9.

In the pending Petition for Writ of Habeas Corpus (Doc. # 1), Petitioner contends that evidence of the prior rape was so prejudicial that its admission violated Petitioner's federal rights to due process.  In his Objections to the Report and Recommendation, Petitioner further contends that the evidence of the prior rape was too dissimilar to be admitted.  (Doc. # 27).

1  The Magistrate Judge found that the California Court of Appeal correctly concluded that 2 admission of evidence that Petitioner committed a prior sexual assault did not violate Petitioner's right 3 to due process. Though the California Court of Appeal did not rely on Federal case law, the 4 Magistrate Judge concluded that CAL. EVID. CODE § 1108 is not unconstitutional on its face because 5 it is analogous to FED. R. EVID. 414, which the Court of Appeal for the Ninth Circuit has previously 6 deemed constitutional. *United States v. LeMay*, 260 F.3d 1018, 1026-28 (9th Cir. 2001); *see* 7 *also* Lodgment # 10 at 5-9. The Magistrate Judge concluded that California Court of Appeal's 8 decision affirming the trial court's admission of the evidence was neither contrary to clearly 9 established federal law nor based on an unreasonable determination of the facts in light of the evidence 10 presented because the record indicated that the trial court properly balanced the probative value of the 11 evidence against its prejudice, and reasonably concluded that the probative value was not substantially 12 outweighed by the danger of unfair prejudice.

13  After reviewing de novo the Petition (Doc. # 1), the Answer (Doc. # 6), and the Objections 14 filed by Petitioner (Doc. # 27), the Court agrees with the Magistrate Judge that the California Court 15 of Appeal correctly determined that the trial court's admission of evidence that Petitioner previously 16 committed rape did not violate Petitioner's right to due process. Not only has the Ninth Circuit in 17 *LeMay* rejected an analogous challenge, *LeMay*, 260 F.3d at 1026-28, but district courts in the Ninth 18 Circuit have concluded that CAL. EVID. CODE § 1108 is not unconstitutional. *See Limbocker v. Smith*, 19 No. C 02-01885 SI, 2004 U.S. Dist. LEXIS 24107, *7-10 (N.D. Cal. Nov. 22, 2004); *Garibay v.* 20 *Lewis*, No. C 03-1808 CW (PR), 2007 U.S. Dist. LEXIS 10721, *28-32 (N.D. Cal. Feb. 2, 2007). 21 Furthermore, in balancing the probative value of the evidence of the prior rape against that evidence's 22 prejudicial weight, the trial court undertook a detailed analysis which considered the similarity of the 23 prior rape to the charges alleged, as well as the remoteness of the prior rape, before concluding that 24 the evidence was admissible. Lodgment # 5 at 6-9. The Court concludes that the California Court of 25 Appeal's decision affirming the trial court's admission of the evidence was neither an unreasonable 26 application of clearly established federal law, nor based upon an unreasonable determination of the 27 facts in light of the evidence.

28  /

**CONCLUSION**

After de novo review of the entire Report and Recommendation, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation (Doc. # 23) in its entirety. Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1) is DENIED.

IT IS SO ORDERED.

DATED: December 13, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge